UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN DOE 1 and JOHN DOE 2,

        Plaintiffs - Appellants,

  v.

FENIX INTERNATIONAL LIMITED and
FENIX INTERNET, LLC,

        Defendants - Appellees.

No. 24-7831

D.C. No.
3:24-cv-03713-CRB
Northern District of California,
San Francisco

ORDER

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE, District Judge.[*]

    The memorandum filed June 30, 2026, is hereby amended. The amended memorandum will be filed concurrently with this order.

---

    [*]    The Honorable Robert Steven Huie, United States District Judge for the Southern District of California, sitting by designation.

NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN DOE 1; JOHN DOE 2,

Plaintiffs - Appellants,

v.

FENIX INTERNATIONAL LIMITED;
FENIX INTERNET, LLC,

Defendants - Appellees.

No. 24-7831

D.C. No.
3:24-cv-03713-CRB

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted June 9, 2026
San Francisco, California

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE, District Judge.[**]

John Doe Plaintiffs appeal the district court's order dismissing their claim

against Fenix International Limited ("Fenix") under Federal Rule of Civil

Procedure 12(b)(2) for lack of personal jurisdiction. We have jurisdiction to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert Steven Huie, United States District Judge for the Southern District of California, sitting by designation.

review the district court's order under 28 U.S.C. § 1291.  We review *de novo* the district court's determination that it lacked personal jurisdiction over Fenix. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 749–50 (9th Cir. 2025) (en banc).  We conclude that Plaintiffs established that Fenix expressly aimed its conduct at California.  Because the district court concluded to the contrary, we vacate and remand for further proceedings.

Plaintiffs assert only that Fenix is subject to specific personal jurisdiction in California.  We use a three-prong test to analyze claims of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Briskin*, 135 F.4th at 750–51 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  The first part of the personal jurisdiction test includes two distinct concepts—"purposeful direction" and "purposeful availment."  *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023).

For claims sounding in tort, like the violations of California's Automatic Renewal Law Plaintiffs assert here, we most often employ the purposeful direction test.[1] *Briskin*, 135 F.4th at 751. "[T]he purposeful direction test requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Id.* The Parties do not dispute the district court's determination that Fenix committed an intentional act in operating its website and that Plaintiffs have alleged harm from that act. The only dispute is whether Plaintiffs adequately alleged that Fenix "expressly aimed" its conduct at California.

Our court—sitting en banc—recently clarified the "expressly aimed" element after the district court's decision in this case. *See Briskin*, 135 F.4th at 752–55. Given that guidance, Plaintiffs' amended complaint made a prima facie showing that Fenix "expressly aimed" its conduct at California. *See Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020) (noting that the plaintiff need only make a prima facie showing of jurisdictional facts). Fenix's over 10,000 California subscriptions are not "random, isolated, or fortuitous." *Briskin*, 135 F.4th at 758 (quoting *Ford*

---

[1] The Parties dispute whether to apply the purposeful availment test, the purposeful direction test, or some combination thereof. They agree, though, that if Plaintiffs succeed under the purposeful direction test, we need not consider the application of other tests. Because we find the purposeful direction test satisfied, we do not analyze Plaintiffs' claim under another test.

*Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)); *see Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984) (recognizing that the "regular monthly sales of thousands of magazines cannot by any stretch of the imagination be characterized as random, isolated, or fortuitous").  They are instead part of Fenix's "regular course of business," *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1095 (9th Cir. 2023), as evidenced by Fenix's $400 million dollars in annual revenue from California consumers.  That revenue constitutes "substantial profits." *Briskin*, 135 F.4th at 757 (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011)).

Fenix's arguments that it did not aim any conduct at California ignore that it regularly fulfills users' subscriptions wherever those users access its online content, including California.  Fenix "structured its sales activity in such a manner as to invite orders from [California] and developed the capacity to fill them[.]" *Herbal Brands, Inc.*, 72 F.4th at 1095 (quoting *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 625 (7th Cir. 2022)).  We also reject Fenix's argument that because Plaintiffs argued for the application of the purposeful availment analysis below, they waived any argument on purposeful direction.  Once the district court elected to analyze personal jurisdiction under the purposeful direction framework, Plaintiffs were entitled to argue on appeal that the court misapplied that standard,

particularly given our *de novo* review of personal jurisdiction. *See Menken v. Emm*, 503 F.3d 1050, 1058 n.4 (9th Cir. 2007).

Because we conclude that the amended complaint alleged sufficient facts to establish that Fenix expressly aimed its conduct at California, we remand to the district court to consider in the first instance whether the second and third factors of the personal jurisdiction test are satisfied. Given this conclusion, we do not address Plaintiffs' arguments that the district court should have granted them leave to amend their complaint. We also do not address Fenix's forum non conveniens arguments in the first instance.[2] *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1136 (9th Cir. 2003) (holding that deciding forum non conveniens in the first instance "would deprive the district court of an opportunity to exercise the discretion it is afforded").

**VACATED AND REMANDED.**

---

[2] Because we do not address forum non conveniens, we **DENY** Fenix's Motion for Leave to File Supplemental Brief (Dkt. No. 39).